Lloyd A. THOMAS, Movant,

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 99–SC–0549–KB.

Supreme Court of Kentucky.

Aug. 26, 1999.

*OPINION AND ORDER*

Movant, Lloyd A. Thomas, a former member of the Kentucky Bar Association (KBA) who was admitted to the practice of law in this Commonwealth on May 1, 1976, moves for the termination of this disciplinary proceeding against him by resigning under terms of disbarment pursuant to SCR 3.480(3). The KBA has no objection to the motion. Thus, for the reasons set forth below, Movant's motion is granted.

Movant was temporarily suspended from the practice of law by this Court pursuant to SCR 3.166 "effective December 11, 1998, and until superseded by subsequent order." Opinion and Order, 99–SC–

000055–KB, March 25, 1999. Movant's temporary suspension and his current motion arise from the same set of facts. Movant was charged with a felony by information filed by the Jefferson County Commonwealth Attorney, Criminal Action No. 98–CR–2385. Specifically, Movant was charged with six counts of Theft by Deception Over $300, KRS 514.020(1)(a), by, acting alone or in complicity, obtaining property or services from the Commonwealth of Kentucky of a value of $300 or more, by creating or reinforcing a false impression, including false impression as to law, value, intention or other state of mind, with intent to deprive the Commonwealth of Kentucky thereof. The charges stemmed from acts committed during 1988, while Movant was counsel for the Kentucky Board of Dentistry.

On December 10, 1998, Movant entered a guilty plea to three violations of KRS 514.020(1)(a), Theft by Deception over $300. By virtue of this guilty plea, Movant was automatically temporarily suspended from the practice of law in this Commonwealth pursuant to SCR 3.166, by order of this Court effective December 11, 1998. On February 10, 1999, the KBA Inquiry Commission issued a complaint against Movant, advising him that his conduct may have been in violation of SCR 3.130–8.3(b), which provides that it "is professional misconduct for a lawyer to: commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Movant acknowledges in his motion that his admitted criminal conduct violates SCR 3.130–8.3(b).

For the foregoing reasons, Movant's motion for resignation under terms of disbarment is granted. It is hereby further ordered that:

1) Movant, Lloyd A. Thomas, shall not practice law in the Commonwealth of Kentucky subsequent to his disbarment unless and until he is reinstated as a member of the Kentucky Bar Association by order of this Court.

2) Movant may seek reinstatement of his membership in the Kentucky Bar Association and his license to practice law under the provisions of SCR 3.520, reinstatement in case of disbarment, or any controlling amendment to SCR 3.520.

3) In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $184.84, and for which execution may issue from this Court upon finality of this Opinion and Order.

4) Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this Order, notify all clients in writing of his inability to represent them and also notify all courts in which he had matters pending of his resignation under terms of disbarment, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

5) Movant shall not seek reinstatement of his license to practice law pursuant to SCR 3.520 so long as there are any outstanding claims or judgments pending against him which arise from his acknowledged misconduct, including any payments made to any client or other entity by or on behalf of the Client's Security Fund of the Kentucky Bar Association.

All concur.

ENTERED: August 26, 1999.

/s/ Joseph E. Lambert
Chief Justice